GARCÍA, PLAINTIFF AND APPELLANT, *v.* SANTOS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2388.—Decided July 23, 1921.

DEBT—EVIDENCE.—Although evidence of various checks drawn by the debtor and cashed by the creditor does not show that the checks were drawn in payment of the debt sued for, nevertheless, as their dates, taken in connection with other evidence, may show that fact, it is necessary to conclude that such evidence is admissible.

ID.—ID.—The testimony of the defendant debtor that during the life of the creditor, the ancestor of the plaintiffs, the defendant delivered to him several checks in payment of the debt, which checks were cashed by the said ancestor, is not contrary to the provisions of the Act of March 10, 1904, prohibiting a party to testify about transactions entered into with the ancestor of the adverse party before his death.

ID.—ID.—The evidence which served to support the judgment holding that the debt sued for had been paid was not erroneously weighed by the district court.

ID.—ID.—COSTS.—It not appearing that the plaintiffs knew that their ancestor had received payment for several promissory notes which were found among the papers left by him upon his death and which gave rise to the action, the imposition of costs upon the plaintiffs is erroneous.

The facts are stated in the opinion.

*Mr. E. López Tizol* for the appellant.

*Mr. J. Martínez Dávila* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The heirs of Antonio Sevillano brought an action against

Cipriano Santos to recover the sum of $350 due on three promissory notes signed by him in favor of Sevillano. The defendant admitted in his answer that he had made the said notes, but alleged that he had paid them. After a trial the court below dismissed the complaint with costs and the plaintiffs took the present appeal.

From the evidence introduced by the plaintiffs it appears that the three notes payable to Sevillano were made in the year 1915,—one on May 14 payable on July 14; another on September 17 payable on November 30, and the other on September 7 payable on January 7, 1916. It also appears that Sevillano died suddenly on May 20. 1916, and that on the previous day, being about to make a voyage, he handed to his attorney in fact a small book containing notes made by him, one of them, without date, being as follows: "Cipriano Santos. His unpaid notes, with interest at one per cent, of different dates. Document May 14, 1915, $150. Document $100 September 7, 1915; his document for $100 matured September 17, with interest. Total, $350." In another book of Sevillano, some of its leaves being torn out, there is an entry similar to the above, without any date.

To prove the payment of these obligations counsel for the defendant introduced in evidence a deposition of Cipriano Santos, together with four checks drawn by him to the order of Antonio Sevillano, with the latter's indorsement showing collection, all drawn in the year 1915 and one being for $200 dated October 25; another of the 30th of the same month for $86; another dated in November for $29, and the other dated in the same month for $38, amounting to $353. Santos testified that $3 was for interest and the remaining $350 for the payment of the debt, he having delivered these sums to Sevillano from time to time in part payment of the debt. He also testified that he was an intimate friend of Sevillano, which fact also appeared from other evidence; that he owned

several houses in San Juan; ten or eleven in Santurce, and also several lots, receiving a monthly rent of from $200 to $250, and that Sevillano lent him money on no other occasion. To controvert this last statement the plaintiffs produced an entry in Sevillano's book from which it appears that in 1911 Santos owed him some money.

This is the gist of the evidence examined and the plaintiffs offered no evidence to show why Sevillano had received $353 from Santos.

The checks cashed by Sevillano are *prima facie* evidence that Santos paid that money to Sevillano, albeit they do not of themselves show that they were given in payment of Santos' debt, yet by reason of their dates, and in connection with other evidence, they may show the extinction of the obligations declared on, and we can not see that the court below committed the error alleged by admitting them in evidence.

As regards the weighing of the evidence by the court, we are not convinced that there was a manifest error in finding that the obligations had been paid, for the checks were drawn by Santos while his debt was outstanding and although he drew the first one on October 25 for $200 when only the note for $150 was due, considering the friendship between the creditor and the debtor it is not impossible to believe that the difference of $50 was in part payment of the other notes, or that the creditor accepted payment of the other notes before maturity. It is true that section 3 of the Act of March 10, 1904, page 130, which we held to be in force in *Wilcox* v. *Axtmayer et al.,* 23 P. R. R. 319, provides that in actions by or against executors, administrators or guardians, or by or against the heirs of legal representatives of a decedent, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto

by the opposite party; but in this case that statute is not applicable to the testimony of Cipriano Santos because he did not ascribe any statement to the deceased Sevillano, the principal object of his testimony being to present the checks indorsed by Sevillano as evidence that they were cashed and to testify that he paid the sums represented by them in part payment of his debt, but he did not ascribe to Sevillano any statement on this point or on any other point. The checks and their signatures are genuine; they were delivered while the debt was outstanding; the plaintiffs have not attempted to show that they were given for any other reason than that stated by Sevillano; their total conforms to that of the debt claimed, except an excess of $3 which is said to be for interest charged by Sevillano according to his books, although the notes do not show that they bore any interest, and in view of all these facts we do not see that the court erred in weighing the evidence by finding that the debt had been paid and in dismissing the complaint.

The appellants also allege that they should not have been adjudged to pay the costs and as to this we think they are right, for the heirs of Sevillano found among the papers of their ancestor the three promissory notes, which they were justified in believing had not been paid, and it does not appear from the record that they knew they had been paid.

The judgment appealed from must be affirmed, but modified as to the costs, of which no special imposition is made.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.